Daniel, Judge.
 

 — The act of 1782
 
 (ubi supra)
 
 authorises the Judge to make a special order to hold the defendant to bail, either in term time or in vacation, upon the plaintiff’s filing his bill and making oath as to the amount of his debt, or damages incurred by the conduct of the defendant. The clerk, upon such order, is to issue a
 
 capias ad respon-dendum
 
 to the sheriff of the county where the defendant resides. By the act of 1789,
 
 (Rev. ch.
 
 314, sec. 5,) the clerk and master may make the order and issue the
 
 capias.
 
 The sheriff is directed to obey the same; and the same rules and regulations shall be observed in regard to bonds taken by virtue of this act, and they shall be on the same footing in all respects as bail bonds taken by the sheriff on actions at law, except they shall be assignable by the sheriff, or his representatives, under the directions of the Court; and the sheriff is to be held liable for taking
 
 insufficient security,
 
 as in such cases in actions at law. By the act of 1777,
 
 (ubi supra),
 
 in civil actions, if the sheriff fail or neglect to take bail, or the bail returned be held insufficient on exception taken to the same, the sheriff shall be
 
 *253
 
 deemed and stand as special bail. Under this act, the sheriff is to be proceeded against, not by an action on the case for neglect of duty, but by
 
 scire facias,
 
 charging him as bail, when he shall have all the privileges and advantages of bail in general.
 
 Huggins
 
 v.
 
 Fouville,
 
 3 Dev. Rep. 392. If the sheriff takes a bond byfforce of the act of 1782, it is placed on the footing of a bail bond, and the securities have all the rights and privileges of bail on actions at law. So the act declares, that if the sheriff shall take
 
 insufficient security,
 
 he shall be held liable as in actions at law. This act is not as particular in its phraseology, as the act of 1777; it does not in so many words declare, that if the sheriff shall
 
 fail
 
 or
 
 neglect
 
 to take any bail, he shall himself be deemed and taken to stand as special bail; but if he shall take
 
 insufficient security,
 
 he shall be held as bail. It seems to us, however, that the legislature meant to place the liability of the sheriff, for taking insufficient security, or no security, precisely upon the same footing under both acts, and that his not taking
 
 any security,
 
 is tantamount to his not taking
 
 sufficient security.
 
 The law intended, that he should get good bail, or be bail himself. We think, therefore, that the sheriff in this case must be considered as bail, and that the plaintiff must proceed against him in that character. This action has been misconceived, and the judgment below must be affirmed.
 

 Per Curiam. Judgment affirmed.
 

 It seems, that the same doubts which caused this case to be brought to the Supreme Court for adjudication, induced the legislature, at its session in 1833, to pass an act (see pamphlet acts of 1833, c. 7,) amendatory of the act of 1782, declaring that sheriffs shall be held and taken as special bail, for failing or neglecting to take bail upon a
 
 capias ad respondendum
 
 from a Court of Equity, as they were by the particular words of the act of 1782, for taking insufficient bail. The neglect of duty for which the sheriff was sued in this case, took place before the passage of the act of 1833, and therefore did not come under its operation. This note is inserted for the purpose of explaining the reason why the court was under the necessity
 
 *254
 
 of putting a construction upon the act of 1782, as it would have been relieved from that necessity, had this case come within the operation of the act of 1833.